## William Taylor *vs*. Ambrose H. Burgess.

### July 12, 1880.

**Note and Mortgage including Illegal Interest—Foreclosure by Advertisement—Disposition of Proceeds.**—In consideration of a loan of $1,200 from defendant to plaintiff, the latter gave to the former his promissory note for the payment, three years from its date, of $1,600, with interest at 12 per cent. per annum, payable semi-annually, and secured the same by a mortgage upon a single tract of land. The mortgage contained the usual power of sale and conditions, providing, among other things, for a foreclosure and sale upon any default in the payment of the principal sum named in the note, or the interest, or any part thereof, as the same became due. Default having been made as to a part of the second instalment of interest, amounting, according to the terms of the note, to $50.84, the mortgage was foreclosed by advertisement under the statute, and the premises were sold for the sum of $1,828.40, which was paid to the defendant mortgagee. Of the sum named as principal in the note, $400 represented illegal interest, which the maker agreed to pay on making the loan. In the notice of foreclosure, the amount claimed to be due upon the mortgage was this " sum of $50.84, being the residue of interest remaining unpaid for said second year, according to the terms of said note," and it was also stated therein that the mortgaged " premises would be sold to satisfy that amount, with costs of foreclosure, including $75 solicitor's fees, stipulated to be paid in the mortgage in case of foreclosure."

Upon this state of facts, *Held*—(1.) That the note and mortgage constituted valid obligations, under the statute, only to the extent of the sum actually loaned, with interest thereon at 12 per cent. per annum; (2.) whatever of the proceeds of the sale remain, after satisfying the unpaid interest claimed to be due on the second yearly instalment of interest in the notice of foreclosure, together with the costs of foreclosure, including the stipulated fee of $75, and also the loan of $1,200, with accrued interest thereon at 12 per cent. per annum during the third year prior to the sale, belonged of right to the plaintiff, and he is entitled to recover the same of the defendant, with interest from the date of the sale.

**Same—Recovery by Debtor of Illegal Interest collected by Foreclosure.**—Illegal interest, voluntarily paid, or collected and applied through a foreclosure and sale of mortgaged property made without objection, cannot be recovered back by the debtor.

Appeal by plaintiff from an order of the district court for Steele county, *Lord*, J., presiding, overruling a demurrer to

the complaint, the substance of which is stated in the opinion.

*Baxter & Quinn, Amos Coggswell* and *A. C. Hickman,* for appellant.

*J. M. Burlingame,* for respondent.

The statutory foreclosure by advertisement is a substitute for a judicial sale under a decree, and is equivalent to a foreclosure ·and sale under a decree in chancery. *Jackson* v. *Henry,* 10 John. 195; *Wilson* v. *Troup,* 2 Cow. 195, 230; *Warner* v. *Blakeman,* 36 Barb. 501; *Bidwell* v. *Whitney,* 4 Minn. 45 (76;) *Culbertson* v. *Lennon,* Id. 26 (51;) *Banker* v. *Brent,* Id. 408 (521;) Herman Chat. Mtges. § 211.

The defendant did not elect to consider the instalment of interest due a separate mortgage, under Gen. St. *c.* 81, § 3, and foreclose it as such, but foreclosed it for the entire sum secured by the mortgage, whereby the entire mortgage was foreclosed. It is true that the notice of sale claimed only the unpaid residue of interest due, and it was impossible to claim more. But default in payment of part of the interest due entitled the defendant to foreclose the mortgage, not a part of it. The notice of sale was notice to plaintiff that the mortgage would be foreclosed for the entire amount mentioned in the note; for if the $50.84 mentioned in the notice was due at all, it was because the entire amount mentioned in the note was the basis of the foreclosure; and the premises being but a single tract, the statute (Gen. St. *c.* 81, § 4,) provides that all shall be sold; and the default, being for interest on the entire amount mentioned in the note, related to the entire mortgage, and not to a separate and independent mortgage; and "the notice given by advertisement is intended for the party as well as the world." *Jackson* v. *Henry,* 10 John. 195, per *Kent,* C. J.

The act decisive in *Watkins* v. *Hackett,* 20 Minn. 106, was not done in this case. There the mortgagee availed himself of the privilege given by statute for his, and not for the mort-

gagor's benefit, and foreclosed for his two instalments only, selling the premises in separate parcels, for an amount sufficient to satisfy those instalments, and no more; while in this case the premises were one tract, which had to be, and which was, sold together, and the entire mortgage satisfied.

The plaintiff had contracted to pay all that the mortgagee bid on the land. True, he had a right of defence to this contract as to the excessive interest. But a party may waive the defence of usury, and allow the claim to go into judgment, or pay it; and when paid our statute gave no right to recover back. In this case the plaintiff, standing by, with full knowledge, and allowing the mortgage—not an instalment thereof —to be foreclosed, waived his right as clearly, in this case of foreclosure by advertisement, as he would have done by like inaction had the sale been under a decree. And such waiver, under the notice of foreclosure in this case, is a concession that the amount secured by the mortgage is the entire sum mentioned in the note. *Bidwell* v. *Whitney,* 4 Minn. 45 (76;) *Culbertson* v. *Lennon,* Id. 26 (51;) *Banker* v. *Brent,* Id. 408 521. Had he desired not to make such waiver, he had a full and complete remedy by using ordinary diligence, and enjoining the foreclosure. *Jackson* v. *Henry,* 10 John. 196.

CORNELL, J. Upon the allegations of the complaint, which stand admitted by the demurrer, the mortgage in question was given to secure a note made by plaintiff and delivered to defendant, dated October 21, 1874, whereby, according to its terms, the former promised to pay to the latter the sum of $1,632, in three years from its date, with interest thereon, payable annually, at the rate of 12 per cent. per annum. The sole consideration of the note was a loan of money amounting to $1,200; and the excess of principal over this sum which was named in the note was for illegal interest upon the loan, which plaintiff agreed to pay. The mortgage embraced but a single tract of land, and it contained a power of sale authorizing a sale of the premises, pursuant to the

statute, upon a default in the payment of the sum mentioned in the note, or the interest, or any part thereof, whenever the same should become due. The first instalment of interest falling due upon the note according to its terms was paid at due date, and all of the second instalment was also paid, except the sum of $50.84.

For default in the payment of this unpaid residue of interest, the mortgage was foreclosed by advertisement, and the premises were sold, January 29, 1877, for the sum of $1,828.40, the whole amount of which was received and retained by the defendant mortgagee. In the foreclosure notice of sale, the amount claimed to be due upon the mortgage was this "sum of $50.84, being the residue of interest remaining unpaid for said second year, according to the terms of said note;" and it was therein stated that the mortgaged premises would be sold to satisfy that amount, together with costs of foreclosure, including $75 solicitor's fees, stipulated in said mortgage to be paid in case of foreclosure. The purpose of this action is to recover the excess of the purchase-money paid to the mortgagee upon the foreclosure, over and above the amount actually due upon the mortgage, together with costs of foreclosure.

Under our statute, (Gen. St. c. 23, § 1,) the note and mortgage were valid obligations, capable of being enforced, only to the extent of the sum actually loaned, with interest thereon at the rate of 12 per cent. per annum. So far, however, as plaintiff has voluntarily paid the illegal interest stipulated for in his contract, he is concluded thereby, and cannot recover it back. *Woolfolk* v. *Bird*, 22 Minn. 341. Allowing the mortgage to be foreclosed for the illegal excess of unpaid interest, which, in the notice of sale, was claimed to be due and unpaid on account of the second yearly instalment of interest stipulated in the note, without any objection, has also a like effect. The mortgagor must be deemed to have acquiesced in the validity of that claim, and to have voluntarily

consented to the foreclosure pursuant to the notice, and to the application which was made of the proceeds, to the extent of satisfying the amount of that claim and the costs of foreclosure.

The remaining question concerns the disposition of the balance of the proceeds realized from the sale, after satisfying the second instalment of interest claimed to be due and unpaid in the notice, and the costs of foreclosure, and solicitor's fees stipulated for in the mortgage. Neither the note nor mortgage contained any stipulation that the principal named in the note should become due and payable upon a default in the payment of any instalment of interest, or that the defendant should have the option, in that event, of declaring it to be due. At the time of the foreclosure, neither the principal nor the last instalment of interest had become due and payable according to the terms of the note and mortgage. Under his contract the defendant was not authorized to foreclose and sell the premises for or on account of the principal, or the interest that had accrued thereon after the expiration of the second year; nor was any intention to foreclose for the whole amount secured by the mortgage indicated in the notice of foreclosure. His notice, and the foreclosure in pursuance thereof, was for and on account of the unpaid portion of the second instalment of interest, treating such instalment as a separate and independent mortgage, as he had a right to treat it, under Gen. St. *c.* 81, § 3, as construed in *Watkins* v. *Hackett*, 20 Minn. 106.

As the mortgagor was chargeable with presumptive knowledge of the contents of the foreclosure notice of sale, his failure seasonably to object to the proceedings in foreclosure must be taken as a voluntary acquiescence in the correctness of the claim made in the notice in respect to the second yearly instalment of interest, and as a consent that the proceeds of the sale might be applied in satisfaction of that claim and costs of foreclosure. Such failure, however, cannot be con-

strued into a consent that any part of the proceeds might be applied towards the satisfaction of a claim of which the notice gave him no information. The residue, therefore, after satisfying the amount claimed to be due in the notice, together with costs, including the stipulated fee of $75 for foreclosure, can only be disposed of in the manner provided by law, which directs that the proceeds of every such sale shall, after satisfying the interest instalment due, for and on account of which the foreclosure is had, with interest and costs of sale, "be applied toward the payment of the residue of the sum secured by said mortgage, and not due and payable at the time of such sale," and that "the surplus, if any, shall be paid to the mortgagor, his legal representatives, or assigns." Gen. St. c. 81, § 4.

In this case, the residue of the sum which was secured by the mortgage, and was not due and payable at the time of the sale, was $1,200—the sum actually loaned—and the accrued interest thereon during the third year, at 12 per cent. per annum—at the time of the sale, that sum being all that could have been lawfully collected on account of the principal in the note, if it had been due at that time. This sum and accrued interest defendant had the right to satisfy out of the proceeds of the sale, as well as the claim specified in the notice of foreclosure on account of the second yearly instalment of interest, with costs, including said stipulated fee of $75 for foreclosure. Whatever surplus remained of the proceeds, belonged, of right, to the plaintiff, and he is entitled to recover the same of the defendant, with interest from the date of the foreclosure sale. It follows from these views that the demurrer to the complaint herein was improperly sustained, and the order which was granted by the court below in that regard must be reversed.

The case of *Bidwell* v. *Whitney*, 4 Minn. 45 (76,) which the learned court below seems to have relied on as decisive of this case, is not in point. There the foreclosure was for a sum that included a penalty which the mortgagor had law-

fully stipulated to pay, and against which he could only be relieved by a court of equity, and the notice of sale in that case fully advised the mortgagor that the amount claimed to be due on the mortgage included this penalty. In this case the demand of the defendant in excess of the amount loaned, with 12 per cent. per annum interest, is a wholly illegal one, that cannot be enforced against the plaintiff, and the notice of foreclosure sale gave no intimation that the mortgagee intended to avail himself of the advantages of such illegal demand in the application of the proceeds of the sale, after satisfying the claim specified in the notice.

Order reversed.