## J. H. CORNELL *v.* ELIHU SMITH.

### August 30, 1880.

**Usury—Voluntary Payment.**—The rule laid down in *Woolfolk* v. *Bird*, 22 Minn. 341, as to the effect of a voluntary payment of interest in excess of what the debtor is under obligation to pay, but which he chooses to make, with full knowledge of the facts, followed and applied to the facts of this case.

Plaintiff brought this action in the district court for Nobles county, to recover possession of personal property mortgaged by him to defendant, and taken by the latter from plaintiff's possession, under a power given by the mortgage. The com-

plaint alleges the origin, nature and history of the mortgage debt, and pleads a tender of the amount remaining due on the mortgage, after crediting on the principal of the debt the amount of interest in excess of twelve per cent. paid thereon from time to time by plaintiff, ánd a. tender of the amount of defendant's expenses, etc.

At the trial before *Dickinson,* J., it appeared that the interest payments in question had been voluntarily made by plaintiff as payments of interest at a rate previously agreed upòn, in excess of twelve per cent., and had been applied as such by the defendant. All the payments were made prior to the passage of the usury law of 1877. Upon these facts the court held the tender insufficient in amount, and ordered judgment for defendant; a new trial was denied, and the plaintiff appealed.

*Daniel Rohrer,* for appellant.

*Clark & Soule* and *M. J. Severance,* for respondent.

CORNELL, J. In *Woolfolk* v. *Bird,* 22 Minn. 341, this court, in construing the provisions of Gen. St. (1866) *c.* 23, § 1, as applicable to the facts of that case, laid down the rule that a voluntary payment of interest, computed at a rate per cent. exceeding what may be lawfully contracted for by the parties under the statute, stands upon the same footing as any other payment of money by a party under no legal obligation to make it, but which is made voluntarily, and with full knowledge of all the facts. The reason for the rule is that, as the statutes then in force upon the subject of interest contained no prohibitions or penalties against paying, receiving or contracting for any rate of interest, but simply provided that no contract for a greater rate than twelve per cent. per annum shall be valid for the excess over that rate, the public policy indicated thereby only "prevents a recovery by the creditor of the excess stipulated for; but it does not require that the debtor shall be disabled to pay such excess, or to give away his money, if he chooses to make that use of it." Hence, no distinction exists between a voluntary payment, made on ac-

count of unlawful interest, and one made upon any other invalid demand, which the party may or may not pay, as he chooses, without violating any rule of law or public policy. This rule was followed in the recent case of *Taylor* v. *Burgess,* 26 Minn. 547, and no reason is perceived why it is not decisive of the case at bar.

The suggestion of appellant that this case differs from that in *Woolfolk* v. *Bird,* in that here the appellant debtor, who has paid, in discharge and satisfaction of the lawful interest upon his demand, more than he was obligated to pay, is seeking a re-application of such excess in reduction of the amount due upon that demand, whereas in that case the amount of the excess was sought to be made the basis of a counterclaim to a different cause of action than the one which arose out of the transaction itself, is of no importance, for in either case the result sought by the debtor is a recovery, to his own use, of money which has been voluntarily paid and applied, and the right of recovery is dependent, not upon the manner of its assertion, or the nature of the action in which it is set up, but solely upon the question as to the voluntary character of the payment. Upon the findings of fact in this case that question is settled in favor of the defendant, and hence the judgment of the district court must be affirmed.