GRAND RAPIDS WATER POWER COMPANY and others, Respondents, vs. BENSLEY, Appellant.

*December 5, 1889 — January 7, 1890.*

*Pleading: Joinder of causes of action: Riparian owners: Diversion of water: Injunction: Parties.*

1. In an action by riparian owners to restrain the diversion of water from their lands, an allegation that the defendant entered upon the land of one of the plaintiffs and dug up and removed rocks and soil therefrom does not state a cause of action, so as to create an improper joinder, where such allegation is made merely to show the means employed in diverting the water and no damages are claimed on account of such entry.

2. In such action other adjoining riparian owners are not necessary parties.

APPEAL from the Circuit Court for *Outagamie* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action is brought by the plaintiffs against the defendant to restrain her from diverting the water of the Wisconsin river from flowing by the mills and water power of the plaintiffs situate on the easterly side of said river. The defendant demurred to the complaint on the following grounds: "*First.* Because it appears upon the face of said complaint that several causes of action have been therein improperly united. *Second.* Because it appears on the face of said complaint that there is a defect in the parties plaintiff therein, and on this ground the defendant specifies: (1) That the plaintiff the *Grand Rapids Water Power Company* is not united in interest with the plaintiffs the *Pioneer Wood Pulp Company* and the *Grand Rapids Flouring Mill Company*, but that their interests are entirely separate and distinct in regard to the matters stated in said complaint; (2) that the owner of the lands on the east channel of the river between the head and foot of said Big island, other than the plaintiffs, being those owners referred to in the complaint, should be united as plaintiffs with the plaintiff the *Grand Rapids Water Power Company*, for the reason that they have an interest in the subject matter of this litigation, wherein they are united in interest with such plaintiff, and that this defendant does not know the names of such owners of said lands. *Third.* Because it appears upon the face of said complaint that there is a defect of parties defendant therein in this, to wit, that the said Jackson Milling Company, mentioned in said complaint, should be made a party defendant to said action. *Fourth.* Because said complaint does not state facts sufficient to constitute a cause of action against said defendant."

The circuit court overruled the demurrer, and the defendant appeals from the order overruling the same.

For the appellant there were briefs signed by *Gardner & Gaynor*, and *Moses Hooper*, of counsel, and oral argument by *Mr. Hooper*.

· *Geo. L. Williams*, for the respondents, argued, among other things, that the plaintiffs herein were joined as such because they are engaged in using, or are so situated as to desire to use, the water near the same place for similar purposes, and they are alike interested in the natural and reasonable flow of the stream for what are sometimes called extraordinary uses as against natural uses. They are affected by the attempted diversion by the defendant in the same general manner, though in varying degree. In this respect their *interests* are common, and they are properly, though not necessarily, joined as plaintiffs. *Barnes v. Racine*, 4 Wis. 454; *Williams v. Smith*, 22 id. 594; *Pettibone v. Hamilton*, 40 id. 402; *Walker v. Shepardson*, 2 id. 384; Gould on Waters, secs. 121, 206; *Balloni v. Hopkinton*, 4 Gray, 324; *Cadigan v. Brown*, 120 Mass. 493.

TAYLOR, J. On the hearing in this court, the learned counsel for the defendant made no argument to sustain the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. The arguments of the learned counsel are limited mainly to a discussion of the first and second grounds stated.

It is said that several causes of action have been improperly joined. The contention is that the complaint states a cause of action for a trespass for entering upon the land of the plaintiff the *Grand Rapids Water Power Company*, and digging up and removing the rocks and soil therefrom, and that the complaint shows that the other plaintiffs have no interest in such land or soil, and that this cause of action is united with a cause of action for diverting the water of the Wisconsin river from the water powers and mills of all the plaintiffs. It is clear there would be a misjoinder of causes

of action if the plaintiffs sought any relief for the mere injury to the soil and freehold of the plaintiff the *Grand Rapids Water Power Company*. No such relief is, however, sought by the plaintiffs or prayed for by them in the complaint. The facts as to the entry, etc., on said lands of the *Grand Rapids Water Power Company* are alleged, not for the purpose of showing that the *Grand Rapids Water Power Company* is injured by the mere entry and removal of the rocks and soil of such plaintiff, but as showing the means used by the defendant in diverting the water of the river from its water power, and from the mills and water powers of the other plaintiffs. The only relief prayed for is a perpetual injunction restraining the defendant from diverting the water of said river from its accustomed flow to the plaintiffs' mills and water powers. No damages are claimed for the injury done to the soil and freehold of the *Grand Rapids Water Power Company*. There is therefore no improper joinder of causes of action.

The second cause of demurrer is that there is a defect of parties plaintiff, because it appears on the face of the complaint that the plaintiffs who have joined in the action are not united in interest, and are only joined because they are interested in the relief sought, and because it also appears on the face of the complaint that there are other persons interested in the relief sought who are not joined as plaintiffs or defendants. The claim made by the learned counsel for the defendant is that, in an equitable action to restrain the diversion of flowing water, all persons who are interested in the subject matter of the litigation must be made parties, either as plaintiffs or defendants, and consequently all persons who have riparian rights on any of the channels of the Wisconsin river from which the defendant, by her acts, unlawfully diverts the flow of the water, must be joined in the action. The same question was raised by the learned counsel for the defendant in *Kaukauna W. P. Co. v. G. B.*

& M. Canal Co., ante, p. 385, argued shortly before this case, and in which an opinion by Justice CASSODAY is now filed. In that case the point made by the learned counsel for the appellant in this is decided against his contention, and rules the decision in this case. The reasons for the ruling of the court will be found sufficiently stated in the opinion by Justice CASSODAY.

The claim that the Jackson Flouring Mill Company is a necessary party defendant seems to be without any foundation upon the facts stated in the complaint. There is no charge made in the complaint that such company is doing anything in the way of diverting the water from the plaintiffs, nor that it is in any way aiding and assisting the defendant in causing such diversion, nor that the company will be in any way benefited by such diversion. The only reason which can possibly be urged for making it a party defendant is the reason assigned for making the other riparian owners parties to the action, on the ground that such company may have an interest in the controversy. The overruling of the second ground of demurrer in effect overrules the third ground. The two objections, upon the facts stated in the complaint, must either be sustained or overruled for the same or similar reasons.

We think the demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.