CAROLINA ANDERSON *et al. vs.* SCANDIA BANK OF MINNEAPOLIS.

Argued by appellant, submitted on brief by respondents, April 20, 1893. Decided May 5, 1893.

**Parties to Actions.**

> A person having no interest in the subject of an action is not a necessary party thereto.

**Voluntary Payment of Usury.**

> Under the usury law of 1879, the borrower, who has voluntarily paid to the lender any part of the principal loaned, or who has so paid interest, but not exceeding the rate of ten per cent. a year, cannot compel the repayment of the same.

**Joinder of Causes of Action.**

> In an action by a husband and wife to avoid usurious securities given by them upon a loan made to the wife, it is improper to join a cause of action by the wife alone to recover back money paid by her upon the usurious contract.

Appeal by defendant, the Scandia Bank of Minneapolis, from an order of the District Court of Hennepin County, *Wm. Lochren,* J., made July 6, 1892, overruling its demurrer to the complaint.

The complaint stated that plaintiff Carolina Anderson, on May 27, 1890, borrowed of defendant $14,500 for six months and agreed to pay for the use thereof, a bonus of $1,500 and interest on the total $16,000 at the rate of ten per cent. a year. To secure payment and to avoid the appearance of usury, she and her husband, the plaintiff Zacharias Anderson, made their note and executed a mortgage on her real estate to Malakias A. Holmer, for the

$16,000 due in six months thereafter, and bearing interest at the rate of ten per cent. a year. Holmer at the same time indorsed the note and assigned the mortgage to the defendant. Holmer had no interest in the loan or in the note or mortgage. The plaintiff Carolina Anderson afterwards paid on the note $4,600 of the principal and $2,280 interest. Holmer was not made a party to the action. The prayer of the complaint was, that the note and mortgage be adjudged usurious and void, and that they be surrendered and canceled, and that the wife recover of defendant the $6,880 so paid, with interest thereon from the date of the commencement of the action.

The defendant demurred to the complaint on the ground that Holmer was not made a party to the action; and on the further ground that the equitable cause of action of husband and wife to cancel the note and mortgage, was united with an action at law by the wife alone, to recover the $6,880, so paid by her; and it demurred to this last cause of action on the ground that the complaint did not state facts sufficient to constitute a cause of action for its recovery.

The demurrer was overruled and defendant appeals.

*Ueland & Holt*, for appellant.

The action is among other things for the cancellation of a note and mortgage, hence of an equitable nature. In such action all persons having rights or liabilities growing out of the subject-matter, are necessary parties. Malakias A. Holmer is a necessary party. He is one of the parties to the note and mortgage. One party to a written contract should not maintain an action to have it canceled without joining the other party to it. 1 Pomeroy, Eq. J. § 114; 2 Story, Eq. J. (13th Ed.) 853; Story, Eq. Pl. §§ 76a, 138.

It is the joinder of two or more causes of action in one complaint where such joinder is not permitted, that makes a complaint demurrable, not the manner of such joinder. Whether the causes joined are separately stated, is immaterial. The question is not whether the rule of stating and numbering the causes of action separately has been observed, but whether two or more causes of action, which the statute does not permit to be joined, are in fact

contained in the complaint. Bliss, Code Pleadings, §§ 123, 290; 412; *Trowbridge* v. *Forepaugh*, 14 Minn. 133, (Gil. 100.)

The question is whether the complaint states or attempts to state two causes of action. If it does, there is a misjoinder. The cause for the cancellation of the note and mortgage is under Laws 1879, ch. 66, § 6, and is an equitable one; that for the recovery of interest is under § 2 of the same Act and is strictly legal. The former is a cause which can only be determined by the judge, sitting as a chancellor; the latter is one to be determined by a jury. *Guernsey* v. *American Ins. Co.*, 17 Minn. 104, (Gil. 83;) *Stewart* v. *Carter*, 4 Neb. 564; *Henderson* v. *Dickey*, 50 Mo. 161; *Harrison* v. *Juneau Bank*, 17 Wis. 340.

Under the statute in force prior to 1877, this court held that interest in excess of the legal rate, voluntarily paid, could not be recovered. *Cornell* v. *Smith*, 27 Minn. 132. The only object of Laws 1879, ch. 66, § 2, we think, was to change this rule. Had the intention been to provide for the recovery of every thing paid on a usurious contract, provision would have been made for the recovery of principal also. But that was not done. Provision for the recovery of principal and interest not exceeding the legal rate, was made only in case of payment on compulsion. We therefore think the intention was *not* to provide for the recovery of that which the contract might have lawfully exacted, but only that which it could *not* lawfully exact. There is therefore no cause of action stated for the recovery of money, because the $2,280 paid as interest is less than ten per cent. on the $14,500. The action was commenced in April, 1892, about one year and eleven months after the money was received.

*White & Egelston*, for respondents.

It is clear from the complaint that Holmer never had any interest in the note and mortgage, or proceeds of the same; that he was used solely for the purpose of evading the law. Holmer, then, is not a person sufficiently interested to be necessarily before the court, so that his relief, if any, can be determined, or his liability, if any, can be apportioned; for under the complaint, he has no liability whatever. 1 Pomeroy, Eq. J. § 114.

There is but one cause of action stated in the complaint, viz. that the note and mortgage are usurious; from this fact arises all the relief asked. 1878 G. S. ch. 66, § 285, provides for the setting aside and vacating a judgment when procured by fraud, which according to defendant's argument, is an action which can only be determined by the Judge sitting as a chancellor, and further provides for restitution of any money or other property received by virtue of the fraudulent judgment during its existence, which latter would be one to be determined by a jury. A complaint under that statute was held to state but a single cause of action. *Baker* v. *Sheehan,* 29 Minn. 235.

Laws 1879, ch. 66, § 3, provides that the maker of a usurious bond, bill, note, conveyance or other contract shall have the right to recover from the original holder the amount of principal and interest paid him on the same. This certainly reaches beyond the mere payment of interest in excess of ten per cent. per annum. *Scott* v. *Austin,* 36 Minn. 460; *Ormund* v. *Hobart,* 36 Minn. 306.

The reliefs asked for by the plaintiffs are not inconsistent. They are, first, that the note and mortgage described in the complaint shall be declared null and void; second, that the same shall be ordered cancelled and given up; third, that all the money, whether as principal or interest, which has been received by the defendant from the plaintiffs upon the void contract, or note, or mortgage, there being no valid indebtedness for the money loaned, shall be recovered

DICKINSON, J. Appeal from an order overruling a demurrer to the complaint. It appears from the complaint that the plaintiffs are husband and wife; that, pursuant to an usurious agreement between them and the defendant, the latter loaned to the plaintiff Carolina Anderson, for the period of six months, the sum of $14,-500, for the use of which the plaintiffs gave their promissory note for the payment of the sum of $16,000, with interest thereon at the rate of ten per cent. per annum, and secured the same by a mortgage of real property owned by the plaintiff Carolina; that pursuant to the agreement between these parties, and for the purpose of evading the usury law, the note and mortgage were made, on their face, in favor of one Holmer, who in fact had no interest

in the transaction, and he indorsed the note, and assigned the mortgage to the defendant, at the time of their delivery; that the plaintiff Carolina has paid $4,600 of the principal, and $2,280 as interest, and that she has demanded the repayment of the same. The relief sought is (1) that the note and mortgage be adjudged void, their enforcement enjoined, and their surrender compelled; and (2) the recovery by the plaintiff Carolina of the money so paid by her.

1. Holmer was not a necessary party, and his nonjoinder did not constitute a sufficient ground of demurrer. According to the complaint, he has no interest in the subject of the action, or in the relief sought, and never had any interest in the matter.

2. The defendant demurred specially to that part of the complaint upon which is based the claim of the plaintiff Carolina to recover back the principal and interest paid by her. If this part of the complaint sets forth a cause of action, it is one in favor of the plaintiff Carolina only, and is a different cause of action from that pleaded in favor of both the plaintiffs; and it mav properly be demurred to, although it is not separately stated. *Bass* v. *Upton*, 1 Minn. 408, (Gil. 292.) We should therefore consider the sufficiency of the case stated to entitle Mrs. Anderson to recover the principal and interest paid by her. It does not appear from the complaint that the interest paid ($2,280) exceeded the interest which had accrued at the ' time of such payment on the money loaned, ($14,500,) computed at the rate of ten per cent. a year. The interest at that rate up to the time of the commencement of the action would exceed the sum paid as interest, and it is not shown when the payment was made. Neither does the complaint show that the payment was not voluntarily made. The question then arises whether money *voluntarily* paid to the usurious creditor on account of the principal, or for interest, and not exceeding what would be the interest computed at the rate of ten per cent. a year, can be recovered back. It cannot be so recovered unless Laws 1879, ch. 66, § 2, gives a right of recovery. *Cornell* v. *Smith*, 27 Minn. 132, (6 N. W. Rep. 460.) Irrespective of the rule which requires a strict construction of statutes imposing a liability in the nature of a penalty, or subjecting to a forfeiture, this statute cannot be given the extended construction which would be neces-

sary to support the plaintiffs' claim of right, upon the facts alleged, to recover the principal or interest paid.

Such payment we must assume to have been made voluntarily. Section 1 of the statute cited prohibits the taking of more than ten per cent. interest.   Section 2 provides that any person who "shall have paid" for interest "any greater sum or value than is above allowed to be received may   *   *   *   recover, in an action against the person who shall have taken or received the same,   *   *   *   the full amount of interest or premium so paid."   This does not authorize the recovery of the *principal*, if that has been voluntarily paid; and only those who have paid as interest a "greater sum or value than is above allowed to be received" (ten per cent.) can recover the "interest or premium so paid."   Hence, so far as appears from the complaint, the plaintiff Mrs. Anderson is not entitled to recover the money paid, either on account of the principal or as interest.   The provisions of the third section of the act, allowing a recovery from the original holder of negotiable paper, tainted in his hands with usury, of both the principal and interest paid by the maker to an innocent purchaser of such paper, affords no reason for a construction of the previous section different from that above indicated.   In such case the payment is not properly voluntary.   The innocent holder of such paper is, by the terms of the statute, entitled to recover notwithstanding the usury, and the maker is compellable to pay.   Hence the statute gives him the right to recover from the person chargeable with the usury what he has paid pursuant to his obligation towards the innocent holder of the paper.   The case is different where the payment has been made to the original party to the usurious contract. It is ordinarily optional with the debtor whether he will pay either principal or interest, and the necessity for statutory protection, by means of a right given to recover back money paid, is not the same as in the case of negotiable paper held by innocent purchasers. For these reasons we think that the demurrer should have been sustained as to this separate demand of Mrs. Anderson.

3. It is further pleaded as a general ground of demurrer to the complaint that two causes of action are improperly united.   As already intimated, we are of the opinion that the plaintiffs seek to recover on two causes of action, which are separate, and which

cannot be properly joined, because, even though they may both be "connected with the same subject," they do not both "affect all the parties to the action," which is one of the statutory conditions of a joinder of separate causes of action. 1878 G. S. ch. 66, § 118, subd. 7. The cause of action for the cancellation of the usurious securities given by both the plaintiffs is one existing in favor of both. The right to recover the money paid by the wife is hers alone. Her husband is in no legal sense interested in it. It is a distinct cause of action in her favor alone. The order overruling the demurrer will be reversed.

VANDERBURGH, J., did not take part.

(Opinion published 54 N. W. Rep. 1062.)