FRANK NAHTE and Others v. MICHAEL HANSEN and Others.[1]

December 31, 1908.

Nos. 15,904—(158).

**Abatement of Nuisance—Parties to Action.**
All persons whose property is affected by a nuisance, though they own the property in severalty, may unite in an action to abate the nuisance; but they cannot join with a cause of action for that relief their several claims for damages, in which there is no joint or common interest. Grant v. Schmidt, 22 Minn. 1, followed and applied.

**Case Distinguished.**
Gilbert v. Boak Fish Co., 86 Minn. 365, distinguished.

Action by four plaintiffs in the district court for Stearns county to compel three defendants to fill up a certain ditch and to enjoin them from maintaining the ditch, from discharging the waters from certain sloughs upon plaintiffs' lands, and to recover $100 each, damages already sustained by the overflow of water from the ditch upon their lands. From an order, Taylor, J., overruling defendants' separate demurrers to the complaint, they appealed. Reversed.

*Reynolds & Roeser* and *Hubert Hansen,* for appellants.

*J. D. Sullivan,* for respondents.

BROWN, J.

Defendants interposed a demurrer to plaintiffs' complaint, and appealed from an order overruling it. It appears from the complaint that plaintiffs, four in number, severally own adjoining tracts of land which constitute their separate and distinct farms, in no part

[1] Reported in 119 N. W. 55.

of which is there any joint title or interest. Defendants also, three in number, own separate tracts of land located in the immediate vicinity of that owned by plaintiffs, and to rid their land of certain surplus water they, acting jointly, wrongfully and unlawfully constructed a ditch or drain therefrom, the result of which was to cast large quantities of water upon the lands owned by plaintiffs, to the injury and damage of each in the sum of $100. The several plaintiffs joined in this action and demanded as relief that defendants be required to fill up the ditch, that they be perpetually enjoined from maintaining it in the future, and that each plaintiff have and recover the damages alleged in the complaint to have been suffered by him in consequence of the same. The demurrer was placed on the ground that several causes of action were improperly joined, viz., the cause of action for an abatement of the ditch and that for damages separately suffered by plaintiffs. The sole question for consideration is whether the complaint is open to this objection.

There is no question but that the facts stated in the complaint, if found to be true, entitle plaintiffs to an injunction restraining the maintenance of the ditch, and also to such damages as they separately suffered by reason of the unlawful acts of defendants. But plaintiffs have no joint or common interests in the damages sustained, and it is clear that their separate claims in that respect cannot be joined with the cause of action for the equitable relief, in which they do have a joint and common interest. This was affirmatively held in Grant v. Schmidt, 22 Minn. 1. The question did not there arise upon demurrer; but the rules of law applicable to such cases were laid down, and it controls the case at bar. The facts are substantially identical in the two cases, and to sustain plaintiff's contention that the damages claimed may be awarded as an incident to the equitable relief would in effect overrule that decision. This we are not disposed to do. The rule there announced is supported by the authorities generally. (Wood, Nuisances [3rd Ed.] 1160; Bliss, Code Pl. [3rd Ed.] § 76; Brady v. Weeks, 3 Barb. [N. Y.] 157; Palmer v. Waddell, 22 Kan. 352; Grand Rapids v. Bensley, 75 Wis. 399, 44 N. W. 640; Hawarden v. Youghiogheny, 111 Wis. 545, 87 N. W. 472, 55 L. R. A. 828), and is in accord with our statutes on the subject of the joinder of causes of action (section 4154, R. L. 1905).

It is there provided, in effect, that different causes of action united in the same complaint must affect all the parties alike.

Counsel for plaintiffs call attention to Gilbert v. Boak Fish Co., 86 Minn. 365, 90 N. W. 767, 58 L. R. A. 735, and urge that, because it was there held that the right to an injunction abating a nuisance and damages for its maintenance up to the commencement of the action constitute but one cause of action, plaintiffs are bound to include their damages in this case or waive them. That case is not in point. The decision there made was based upon the general proposition that a judgment in an action is a bar to another suit as to all issues or questions which were or could have been litigated therein. It was accordingly held that the plaintiff's claim for damages for the nuisance there complained of, not only could, but should, have been made in the action to abate the nuisance. In the case at bar the damages claimed cannot, under the rule of the Schmidt case, be recovered in this action, and plaintiffs will not be barred from their right to maintain separate actions therefor.

It follows that the demurrer should have been sustained as to separate claims for damages of the several plaintiffs. Anderson v. Scandia Bank of Minneapolis, 53 Minn. 191, 54 N. W. 1062. The complaint, however, states a joint cause of action for the abatement of the nuisance, and it may be amended by eliminating the claim for damages (Brady v. Weeks, 3 Barb. [N. Y.] 157), and the action proceed as one for the equitable relief prayed for.

Order reversed.