HERBERT KING AND ANOTHER v. SOCONY-VACUUM. OIL COMPANY, INC.[1]

May 24, 1940.

No. 32,421.

[1]Reported in 292 N. W. 198.

574

*George C. Stiles,* for appellants.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

PER CURIAM.

Appeal from an order sustaining a demurrer to the complaint on the ground that it appears on the face thereof that two causes of action are improperly united.

The complaint alleges that plaintiffs are husband and wife and are the owners and in possession of a certain lot and dwelling thereon in the city of St. Paul, which is their family home; that defendant prior to June 1, 1938, erected on a tract of land adjacent to plaintiffs' said home several metal tanks for the storage and distribution of gasoline, kerosene, and fuel oil, and that since the date mentioned it has continuously stored and kept in said tanks varying quantities of gasoline, kerosene, and fuel oils and stored, handled, and distributed the same by trucks, oil-tank cars, and pipe lines daily and almost continuously, causing loud and disturbing sounds and vile and offensive odors to escape, thereby injuring vegetation and trees on plaintiffs' premises and polluting the atmosphere and rendering said premises unhealthy and uncomfortable for plaintiffs and their family; that thereby the fire hazard to their home has been greatly increased and the rental value depreciated, whereby plaintiffs, as joint owners of said premises, have been damaged by the reduced value of the use and market rental value in the sum of $1,450; "and that the plaintiff Herbert King as head of his family has been further damaged in the sum of Five Hundred Dollars ($500.00) because

of annoyance, discomfort, and sickness suffered by himself and family during said time, so caused by the maintenance of said nuisance as hereinbefore alleged." Wherefore plaintiffs prayed judgment in their favor jointly for $1,450 and in favor of plaintiff Herbert King individually for $500.

2 Mason Minn. St. 1927, § 9277, reads:

"Two or more consistent causes of action, whether legal or equitable, may be united in one pleading, being separately stated therein: Provided, that they must affect all parties to the action, must not require separate places of trial, and must be included in one only of the following classes: * * *

"3. Injuries to either person or property, or both."

It is noted that the damages to property claimed jointly by plaintiffs is not stated separately from the damages claimed by plaintiff Herbert King to persons. But this does not avoid an attack by demurrer if in fact there is a cause of action in favor of the two joint owner-plaintiffs and a separate cause of action in favor of only one of them. Fischer v. Hintz, 145 Minn. 161, 176 N. W. 177. There can be no doubt that a cause of action is stated in favor of plaintiffs jointly against defendant for the maintenance of a nuisance which depreciates the rental value or the value of the use of their joint property. Neither can there be much doubt that, on this appeal, plaintiff Herbert King asserts a cause of action for the recovery of damages for personal discomfort his family has suffered from the same nuisance. That plaintiff husband and he alone may recover for the injury the members of his family have sustained from the nuisance is settled by Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682, and cases therein cited. See also Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 A. S. R. 733; Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8. Where, as here, the complaint states a cause of action jointly in favor of the two plaintiffs and one cause in favor of one plaintiff alone, we think the demurrer for misjoinder should be sustained. Anderson v. Scandia Bank, 53 Minn.

191, 54 N. W. 1062; Nahte v. Hansen, 106 Minn. 365, 119 N. W. 55. If the complaint discloses a misjoinder of two causes of action it must be assailed by demurrer or the defect is waived—it cannot be reached by answer. Stolorow v. National Council, 132 Minn. 27, 155 N. W. 756.

Plaintiffs rely on King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 A. S. R. 238; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166, 133 A. S. R. 451; Carlton County F. Mut. F. Ins. Co. v. Foley Bros. 111 Minn. 199, 126 N. W. 727. In the King case it was held that one sustaining injury to his person and his property from the tortious act of another has but a single cause of action and may not maintain separate actions for damages. It did not involve a demurrer for misjoinder. In the Pleins case the demurrer to the complaint on the ground that several causes of action were improperly united was held erroneously sustained, because, if conceded that the complaint stated two causes of action, one for damages and one for cancellation of the contract, still it was not demurrable since the statute expressly permits a joinder of causes of action, legal or equitable, where they arise out of the same contract or transaction, are not inconsistent, and affect all parties to the action. The Carlton County Insurance Company case held that the complaint stated a single cause of action for negligent destruction of property and that the owner of the property destroyed and the insurer of part thereof who had paid the loss might properly join as plaintiffs in a suit for damages against the wrongdoer. Where several persons in an automobile are injured by the single negligent act of another they may not join in one action for damages.

The order is affirmed.