JOHN A. HOLTMAN, INDIVIDUALLY AND AS SOLE ADMINISTRATOR *d. b. n., c. t. a.* OF THE ESTATE OF MARCUS JOHNSON, AND ANOTHER v. CROOKSTON MILLING COMPANY AND OTHERS.[1]

May 5, 1944.

Nos. 33,640, 33,641.

[1]Reported in 14 N. W. (2d) 470.

W. E. Rowe and *Seth Lundquist,* for appellants.

*Fowler, Youngquist, Furber, Taney & Johnson, G. A. Youngquist,* and *F. W. Thomas,* for respondents.

HOLT, COMMISSIONER.

This is a representative suit brought by three stockholders of defendant corporation to recover for it and its stockholders damages against the directors, officers, and employes of the corporation who allegedly conspired to defraud the corporation of its property. Three causes of action are set out, with this novelty, that in the second cause of action, as well as in the third, the entire first cause of action is made a part thereof as if fully therein set out. The individual defendants each separately demurred to the amended complaint (hereinafter referred to as the complaint) on the ground that the several causes of action alleged therein are improperly united by reason of the fact that they do not affect all parties to the action. Defendant Otto Bremer demurred to the second and third causes of action on the ground that they do not state facts constituting a cause of action against him. The demurrers were sustained, and plaintiffs appeal.

The pleading attacked is exceedingly lengthy, and only the main facts need be set out here. Marcus Johnson is alleged to have organized this manufacturing milling corporation in 1903 and was its president until his death in Minneapolis, this state, on October 19, 1928. In 1918, the articles of incorporation were amended so as to reduce the board of directors from seven to three members. From then on until after this cause of action originated, the three directors were Marcus Johnson, J. J. Padden, and S. M. Sivertson. When Johnson died only two remained. At the time the suit was begun all the individual defendants except Bremer were directors, but it is not stated when they became such. Marcus Johnson died testate, his wife, the plaintiff Mary A. Johnson, whom he married on January 5, 1928, being the sole beneficiary in the will. Johnson held 1,748 shares of the capital stock of the corporation when he died. There had been 3,000 shares issued. The par value of each share was $50. The alleged book value of each share at the time of Johnson's death was $96.06. In November 1928, Padden and Sivertson, the only directors, ordered 850 shares of the authorized unissued stock to be sold on such terms as might be agreed upon, but not for less than the par value. It is alleged that, of these 850 shares, 140 were allotted to each of the defendants Padden, Sivertson, and Turnquist, and 100 to defendant Bremer. It is averred that the 100 shares were given Bremer as a consideration for financing the scheme by loaning $26,000 to the corporation, Padden, Sivertson, and Turnquist pledging the stock issued to them to Bremer as security. (If that is correct, then Bremer paid for his 100 shares.) Apparently the defendant Anderson paid cash for the 100 shares issued to him, and so did the defendant Linster for the 20 shares issued to him, as did divers other purchasers of the balance of the 850 shares sold. Apparently the first cause of action is limited to and involves solely the 520 shares claimed to have been wrongfully issued to Padden, Sivertson, Turnquist, and Bremer. Anderson and Linster cannot be affected or be made responsible for that wrong. They were mere employes of the corporation, Anderson as manager of a branch business of the corporation

established at Virginia some years before Marcus Johnson's death, and Linster for years the head miller of the corporation's mill at Crookston.

The second cause of action charges that the individual defendants, Padden, Sivertson, Turnquist, Anderson, and Linster, wrongfully and illegally appropriated to themselves excessive salaries and unauthorized bonuses out of the funds of the corporation in excess of $329,192.61. It is specified how much each wrongfully received, and alleged that the maximum salary was no more than a specified sum. It is alleged that Bremer "at all pertinent times had conniving knowledge, or notice imputing knowledge."

The third cause of action has for its basis the allegations that Padden, Sivertson, Turnquist, Anderson, and Linster conspired to let Padden and Sivertson so manage the affairs of the corporation that between December 31, 1928, and June 30, 1936, Padden and Sivertson had overdraft balances against their personal accounts with the corporation, the last being items of $795.34 and $682.28 respectively, which they owed after taking into consideration moneys owed the corporation on notes receivable; that Turnquist persistently overdrew his account and on June 30, 1936, owed an overdraft balance of $1,400 in addition to the money he owed on his notes; that on June 30, 1937, Turnquist gave the corporation a note for $3,654.56 to balance his overdraft; that they "now trickily" raised the salaries of Padden and Sivertson to $7,812.50 and of Turnquist to $5,125, all for personal gain at the expense of the stockholders; that they failed to keep proper hedging records or accounts of such hedgings as were made; that improper accounts of the corporation business were kept from July 1, 1935, to June 30, 1940, so that during that period there was a shortage of 15,013 barrels of flour, worth at least $50,000. It is also alleged that the individual defendants except Bremer in purchasing certain wheat failed to take into account its moisture content and thereby caused a loss of $50,000; that through the fault of the credit manager the loss of $60,000 charged off is twice the amount it should have been, all to the neglect and wrongful acts of Padden, Sivertson, Turn-

quist, Anderson, and Linster, alleged to have been the members of the board of directors during the 14 years preceding the commencement of this action. Plaintiffs allege that they had no notice of the illegal and wrongful acts of the defendants just named until immediately prior to the beginning of this suit, and also aver that they were hindered and thwarted by all of the individual defendants from obtaining full knowledge of the facts.

It is not necessary that all parties defendant should be equally affected by each cause of action nor that each cause should depend on one transaction. There may be a series of events flowing from the same cause set in motion by a conspiracy. North v. Bradway, 9 Minn. 169 (183). The statute regulating joinder of several causes of action is Minn. St. 1941, § 544.27 (Mason St. 1927, § 9277). In Anderson v. Scandia Bank, 53 Minn. 191, 54 N. W. 1062, it was held improper in an action brought by wife and husband to avoid and cancel usurious securities given by them upon a loan made to the wife to join a cause of action to recover back the money paid by her upon the usurious contract. The latter cause did not affect the husband. So in the instant case the defendants Anderson and Linster had nothing to do with the 520 shares of stock involved. True, they purchased 120 shares of the same 850 shares which included the 520 shares here charged to have been wrongfully disposed of. Anderson and Linster were not officers or directors of the corporation and had no duties as employes in handling or disposing of its shares of stock. And again, as to defendant Bremer, even if the first cause of action can be construed as alleging that he received 100 shares of the corporation stock as a gift, or for the loan of $26,000, making it usurious, the misdoings and unlawful acts and omissions charged in the second and third causes of action cannot well affect Bremer, who was at no time an officer, director, or employe of the corporation. That he once in December 1928 furnished or loaned it $26,000 wrongfully or illegally cannot well make him accountable to the corporation for the subsequent salary increases and alleged mismanagement of its officers, directors, and employes. Even if it be claimed that he was a stock-

holder in virtue of the 100 shares he acquired as a gift, or otherwise wrongfully, in December 1928, it cannot be held that if a stockholder has knowledge of wrongdoing by officers, directors, or employes of a corporation he becomes liable, unless he sues the wrongdoers in behalf of the corporation. It seems clear to us that neither the first cause of action can affect Anderson and Linster, nor the second or third causes Bremer. Hence there is a misjoinder.

Other cases of this court in harmony with Anderson v. Scandia Bank, 53 Minn. 191, 54 N. W. 1062, *supra*, on the subject of misjoinder are Lind v. O. N. Johnson Co. 204 Minn. 30, 282 N. W. 661, 119 A. L. R. 940, where the matter is fully discussed; King v. Socony-Vacuum Oil Co. Inc. 207 Minn. 573, 292 N. W. 198; Jewell v. Jewell, 215 Minn. 190, 9 N. W. (2d) 513. See also Isaacs v. Milwaukee Chair Co. 229 Wis. 184, 282 N. W. 1.

We do not overlook Jones v. Morrison, 31 Minn. 140, 16 N. W. 854, for there all the defendants charged with the conspiracy were directors and officers of the corporation. In Venner v. G. N. Ry. Co. 117 Minn. 447, 136 N. W. 271, there was but one cause of action, namely, the recovery of the property of the railway, whether in the unauthorized hands of trustees or the holding company. Scheele v. Union L. & F. Co. 200 Minn. 554, 555, 274 N. W. 673, 675, was "welded" into one cause of action. Keough v. St. Paul Milk Co. 205 Minn. 96, 285 N. W. 809, was consolidated for trial with other actions.

The separate demurrer of defendant Bremer to the second and third causes of action was rightly sustained. The loan by Bremer of $26,000 in December 1928, no matter how usurious or illegal it may have been, cannot make him liable for the sums paid out thereafter in excessive salaries, or for the mismanagement of the hedging operations, or the bonuses to officers and employes, or the abnormal losses from credit accounts, or any of the matters alleged in the second and third causes of action. Bremer was never an officer, director, agent, or employe of the corporation. Simply the fact that he held 100 shares of stock in the corporation did not

impose on him a duty to suppress by suit or otherwise the conduct of the corporate business by the proper officers or agents of the corporation, even if he knew of such wrongs.

The court below in sustaining the demurrers gave plaintiffs the right to replead. Perhaps, by amending the complaint, they may eliminate some causes of action so as to affect all the defendants. But, on reflection, there seems no way in which the complaint can be amended so as to make Bremer liable for the damages claimed either under the second or the third cause of action. We therefore hold that his separate demurrer to the second and third causes of action was properly sustained.

The orders are affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

