No. 14,296.

SECURITY STORES, INC. *v.* COLORADO MILLING AND ELEVATOR COMPANY.
(79 P. [2d] 371)

Decided May 2, 1938. Rehearing denied May 31, 1938.

Mr. A. B. Manning, for plaintiff in error.

Mr. John R. Coen, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The defendant in error Colorado Milling and Elevator Company, as plaintiff, brought this action to recover the purchase price of certain flour and grain and corn meal products which it sold and delivered during the month of January, 1936, to the plaintiff in error Security Stores, Inc., defendant below. The sale of the merchandise is admitted, but there is a dispute as to the price to be paid. The plaintiff claims that the price charged was a composite price without regard to the factors used in

computation, while the defendant claims that the actual price in each instance was a certain smaller sum to which was added a sum representing a federal "processing tax," the latter to be chargeable to the defendant only if the so-called tax proved to be constitutional. On January 6, 1936, the Supreme Court of the United States declared the exaction unconstitutional. *United States v. Butler,* 297 U. S. 1, 56 Sup. Ct. 312, 80 L. Ed. 477, 102 A. L. R. 914. The defendant accordingly included in its second amended answer a cross-complaint demanding restitution—on all sales of similar merchandise by plaintiff to defendant between July first in 1933 and January 6 in 1936—of that portion of the purchase price paid by it for this period which represented the alleged tax factor. The district court sustained a demurrer to the defendant's cross-complaint, on which the defendant elected to stand. The cross-complaint having thereupon been dismissed, defendant is here seeking a reversal of the judgment.

Ordinarily the mere fact that a seller of personal property includes in his price a tax or other exaction, required to be paid to the government but later declared unconstitutional, does not entitle the buyer to a restitution thereof. *Cohen v. Swift & Co.* (C. C. A., 7th Cir.), 95 F. (2d) 131; *Heckman & Co., Inc., v. I. S. Dawes & Son Co., Inc.,* 56 App. D. C. 213, 12 F. (2d) 154.

Where, however, the price is fixed by adding such tax or other exaction, and the seller and the buyer agree that the buyer shall receive a restitution or refund in case the tax or exaction should prove to be unconstitutional, the buyer may recover from the seller so much of an unconstitutional exaction as the seller can lawfully recover or withhold from the government. Otherwise, in the light of the arrangement made, the result would be an unjust enrichment for the seller.

The defendant's cross-complaint is plainly an attempt to state a case falling within the principle just announced. In testing the sufficiency of this cross-com-

plaint, assailed as it is by the demurrer, we do not take into account the allegations of the plaintiff's complaint and bill of particulars, which plaintiff's counsel emphasizes, but the allegations of the cross-complaint itself and the defendant's original and supplemental bills of particulars, which have in effect become parts thereof. Taking these into account, we find it to be adequately alleged that it was agreed to make up the price by adding to the actual price the amount of the "processing tax." The defendant's allegations include the following: "That said defendant paid said sums and said amount to said plaintiff relying upon the representation that said sums would be paid to the United States Government if and as the pretended act of Congress under which the same were payable should be declared constitutional and valid; and that otherwise and in the event that said act were declared unconstitutional or invalid or that in the event said sums were not legally paid by said plaintiff to said Government, that said sums would be returned to this defendant." Such being the situation, the defendant is, on the face of the present pleadings, entitled to a refund from the plaintiff. It was reversible error to sustain the demurrer.

We do not now know whether the plaintiff has a meritorious defense, in whole or in part, to the allegations in the second amended answer and cross-complaint. In order to enable a court to ascertain any such facts on which the plaintiff may rely, it is necessary to plead them. For instance, the question whether a full disclosure of the facts would show that the price fixed was really intended by the parties to put the risk of unconstitutionality upon the buyer can be answered only after a framing of the issues, possibly only by a trial on the merits.

The judgment of the district court, dismissing the cross-complaint for insufficiency to state a cause of action, is accordingly reversed with directions to overrule the demurrer, to grant the plaintiff leave to file an answer to the cross-complaint if it so desires, and to

proceed with the case as the issues and the evidence (if any) shall eventually require.

The reasons which render defendant's cross-complaint sufficient as against the demurrer also justify the defendant in pleading the facts set up in its answer as a pro tanto defense to the claim alleged in plaintiff's complaint. The judgment in favor of the plaintiff must therefore be set aside and a new trial had in harmony with this opinion.

Judgment reversed with directions.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE dissent.

MR. JUSTICE HOLLAND not participating.