(No. 26200, 26201.—

THE PEOPLES STORE OF ROSELAND *et al.* Appellees, *vs.*
GEORGE B. MCKIBBIN, Director of Finance, *et al.*
Appellants.

*Opinion filed January 20, 1942—Rehearing denied March 10, 1942.*

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, JR., of counsel,) for appellants.

JOHN H. GATELY, for appellees.

HENRY S. BLUM, BLUM & JACOBSON, SIDLEY, MC-PHERSON, AUSTIN & BURGESS, and ORR, VAIL, LEWIS & ORR, (WARREN H. ORR, of counsel,) for intervenors.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

In December, 1939, the Peoples Store of Roseland and Steele-Wedeles Company instituted a suit in the circuit court of Cook county against the State Director of Finance, State Treasurer and Attorney General to enjoin them from collecting certain taxes which the director had ruled to be due from the plaintiffs under the Retailers' Occupation Tax act. The prayer included a request for an accounting of taxes previously paid and for the issuance of credit certificates thereon. It pertained to the sale of tangible personal property such as meats, groceries, milks and edibles sold to hospitals, infirmaries, sanitaria, orphanages, old people's homes and other institutions of like character. Other firms engaged in the selling of such property to similar institutions were permitted to join as plaintiffs and others were granted leave to intervene. Some of the intervenors were permitted to come into the suit over the objection of the original plaintiffs but the ruling of the court on that point is not raised on this appeal.

The original complaint and amendments were all predicated on the theory that it was a class action brought in the interests of the plaintiffs individually and for and on behalf of all other individuals, firms and corporations in the State who were engaged in selling the same class of merchandise to the same character of institutions. The

complaint also contained a prayer for an injunction restraining the other members of the class from instituting or prosecuting any suit which had for its purpose the same object as was included in the plaintiffs' pleadings. No persons were named as belonging to the class other than those who appeared as plaintiffs or intervenors, but a temporary injunction was served upon certain firms and corporations restraining them from instituting a suit in reference to their tax. Some of them filed special appearances limited to the filing of a motion to dissolve the temporary injunction. Some who had appeared in this manner later obtained leave of court to become additional parties plaintiff. Others adopted the complaint and amendments already on file, while some obtained leave to file an additional complaint. It is not necessary to analyze the pleadings thus filed or to determine whether the procedure adopted was authorized by statute or rule of court.

The defendant State officers filed an answer to plaintiffs' complaint. On July 18, 1940, a stipulation of facts was filed. On January 9, 1941, a decree was entered, in which it was found that the tax complained of was improperly assessed and the amounts which each plaintiff had paid were fixed by the decree. The temporary injunction issued against the State officers was made permanent and the treasurer was directed to issue warrants for the payment of the amounts due to each of the several plaintiffs. The intervenors who had appeared in the case by their respective attorneys were directed to pay the attorney for the plaintiff as attorney fees, twenty per cent of money or credit certificates paid back to them as reimbursement for taxes paid. The temporary injunction, restraining the unnamed members of the class from instituting suits to recover taxes involving the same questions of law and fact, was made permanent. A proviso, vague as to its purpose, appears to have modified the injunction to the extent of

permitting unnamed members of the class to come into the same case and prove their claims and obtain relief in the same proceeding. The State officials appealed from this decree to this court and this case is No. 26200.

In December, 1939, the Peoples Store of Roseland, the Cudahy Packing Company, Steele-Wedeles, and Sprague-Warner & Company filed another suit in the same court against the same officials as the former suit. It questioned the right of the department to collect taxes from sales of meats, groceries, dairy products and other edibles to public school boards, high school boards, churches, religious organizations, colleges, universities and private schools. It was also filed as a class suit for and on behalf of all individuals, firms and corporations in the State engaged in the selling of such food products to such institutions. The pleadings, the admission of parties, appearance of intervenors, stipulation of facts and the decree are in substance the same as those contained in No. 26200. The State officials appealed to this court and this case is No. 26201. The two cases involve the same questions of law, and have been consolidated in this court for an opinion.

The claims for credits or refunds of all the parties are predicated upon the right of recovery granted by section 6 of the Retailers' Occupation Tax act. (Ill. Rev. Stat. 1939, chap. 120, par. 445.) When these suits were started the act provided that, if it should appear that an amount of tax penalty or interest had been paid which was not due under the provision of the act, either as the result of a mistake of fact or an error of law, then such an amount should be credited against any tax due or to become due under the act from the person who made the erroneous payment or the amount should be refunded by the department. (Laws of 1933, p. 927.) This section has been amended but the foregoing provision has remained substantially the same. The amendments refer to limitations

upon the right of recovery as was provided in the first enactment. In 1939, provision was made for a limitation upon the making of claims. (Laws of 1939, p. 884.) In 1941, the section was again amended by adding a proviso.

The question presented is as to the effect of the later amendment upon the claims of the plaintiffs and intervenors in these actions. As noted these suits were filed in December, 1939. The decree appealed from was entered January 9, 1941. The statute as amended was approved May 29, 1941.

It is elementary that the legislature can not by retroactive or *ex post facto* laws divest a citizen of a vested right. A mere expectation of the recovery of a right based upon the continuance of an existing law is not a vested right. (*People ex rel. Foote* v. *Clark*, 283 Ill. 221; *Dobbins* v. *First Nat. Bank*, 112 id. 553.) Under the principles announced in *People* v. *Clark, supra, People ex rel. Eitel* v. *Lindheimer*, 371 Ill. 367, and cases therein cited, the expectation that plaintiffs had of a recovery in the instant suits did not become vested upon the filing of these suits.

It is well settled that in the absence of statute, taxes voluntarily paid can not be recovered no matter how meritorious the claim. *People ex rel. Sweitzer* v. *Orrington Co.* 360 Ill. 289; *LeFevre* v. *County of Lee*, 353 id. 30.

Section 6 is the authority upon which plantiffs claim a credit or refund for taxes improperly paid under the Retailers' Occupation Tax act. Under the principles announced in *People* v. *Lindheimer, supra,* it is a special remedial statute. Its general purpose is limited to those who have paid a tax pursuant to the act which, by reason of some mistake of law or fact, they should not have paid. The right of recovery granted in the first enactment of the section has been continued through the successive amendments. The first amendment restricted the right by imposing a limitation of time while the amendment of 1941 prescribed what the claimant must prove before he can recover the tax.

The 1941 amendment pertains to a matter of procedure and the rule is well established in this State that all rights of action will be enforcible under new procedure even though the cause of action accrued before the change in the law, and this is true without regard to whether the suit had or had not been filed prior to the enactment of the new law. (*People* v. *Clark, supra; Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579; *Merlo* v. *Johnston City and Big Muddy Coal and Mining Co.* 258 id. 328.) This rule is applicable even though judgment has been entered in the trial court and the cause is pending on appeal. (*People* v. *Lindheimer, supra.*) It follows that section 6, as amended in 1941, controls the plaintiffs' right of recovery in these cases.

The stipulation of facts upon which these decrees were entered contained the statement that they are class suits. Such provision, followed by the decree which was entered would, if sustained, have the effect of giving the court jurisdiction over persons who were not before it. The decree enjoined those who were not parties to the proceeding from starting an action either at law or equity and in effect forces them to seek their right, if any they have, through the cases pending in the circuit court of Cook county. The further obligation would rest upon them that even though they had their own counsel they would be under the liability of paying the attorney for the plaintiff twenty per cent of what they recovered in cash or credit certificates.

Injunctive relief in class suits enjoining other members of the class from starting suit to accomplish the same purpose has been sustained by this court in many cases. (*Groves* v. *Farmers State Bank,* 368 Ill. 35; *Leonard* v. *Bye,* 361 id. 185 and cases therein cited.) But the facts in those cases are readily distinguishable from the facts in the instant cases. In those cases where class litigation has been sustained, all members of the class are found to have

a common interest in the questions involved and the results obtained. In the instant cases all retailers of the State engaged in selling food supplies to institutions of the kind and character to which plaintiffs sold have an interest in having such sales exempted from the tax but the common interest stops there. A decision sustaining their view that no tax is due on such sales does not create any fund from which reimbursement can be made, neither does it establish the existence of a right of recovery in every vendor. Each must make proof as required by section 6 as amended, and in doing so he resorts to his own sales which are wholly independent and unrelated to the sales made by others engaged in the same business and selling to similar institutions. The money wrongfully collected as a tax and held by the State officials is not to be considered as one fund for the benefit of all who had paid taxes which should not have been paid, but the interest of each taxpayer is limited to his own sales. If the plaintiffs, or any of those whom they seek to represent as a class, paid taxes which should not have been paid, then the money in the hands of the defendants was derived from distinct, separate transactions which each vendor had with the institutions to whom they had sold. (*Thorn* v. *Hormel & Co.* 206 Minn. 589, 289 N. W. 516.) It is clear that these suits can not be maintained as class suits and the statement in the stipulation that they are class suits can not operate to give the court jurisdiction over those persons whom plaintiffs undertook to represent and who are not before the court.

The decree entered in each case is reversed and each cause is remanded to the circuit court with directions to permit the plaintiffs, if they so elect, to amend their pleadings to meet the views herein expressed and to proceed in accordance therewith.

*Reversed and remanded, with directions.*