(No. 27504.—

THE PEOPLE *ex rel.* Sterling Lumber & Supply Co., Appellant, *vs.* SAMUEL L. WORKMAN, Acting Director of Finance, Appellee.

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 17, 1944.*

FREDERICK W. TURNER, JR., and JEROME F. DIXON, both of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State, on the relation of the Sterling Lumber & Supply company, filed a complaint in the cir-

cuit court of Cook county seeking a writ of *mandamus* to compel the defendant, the acting director of the Department of Finance of the State, to issue to relator credit memoranda representing overpayment of retailers' occupation tax under a mistake of fact and an error of law amounting to $21,024.59. Defendant's motion to strike the complaint was sustained, relator elected to abide by its pleading and judgment was rendered in favor of defendant and against relator. This appeal followed.

Relator is engaged in the business of selling building materials, consisting of lumber, flooring, insulation, lath, millwork, wallboard and coping, to contractors and subcontractors. The materials sold become integral parts of buildings constructed by the contractors and subcontractors. Commencing with the month of January, 1938, and extending to and including October, 1940, relator paid $21,024.59 as retailers' occupation tax. Relator increased the cost of materials sold to its customers in an amount equal to three per cent of the selling price and paid a retailers' occupation tax in an amount equal to three per cent of its gross receipts, including the three per cent by which it increased the selling price. Further, relator had no agreement at any time with any contractor or subcontractor to repay any part of the three per cent in the event it received a refund or a credit memorandum, under the provisions of section 6 of the Retailers' Occupation Tax Act. While in all invoices furnished by relator to contractors and sub-contractors for materials sold, the item of three per cent was itemized separately, and the amount appeared in the bills as an item of cost, it was not billed separately to the purchasers. At the time of the transactions in controversy, section 6 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1941, chap. 120, par. 445,) provided that where it appears an amount of tax has been paid which was not due under the statute, whether as a result of a mistake of fact or an error of law, the

amount shall be credited against any tax due, or to become due, from the person who made the erroneous payment, or the amount shall be refunded to the person by the Department of Finance. Section 6 was amended by a proviso, effective July 1, 1941, providing, so far as relevant, that no credit shall be allowed or refund made of any amount paid by or collected from any claimant unless it shall appear "(a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal property sold by him or in any manner whatsoever." (Ill. Rev. Stat. 1943, chap. 120, par. 445.

By its complaint, filed January 25, 1943, relator alleged that it was engaged in an occupation not taxable under the law; that section 6, as amended, is prospective and not retroactive and, consequently, does not apply to its claim; that the amendment, if retroactive, contravenes the constitutions of the United States and the State of Illinois in several enumerated respects, including violations of section 10 of article I of the Federal constitution and section 14 of article II of the constitution of this State, and that it is entitled to allowance of its claim, irrespective of whether it increased the price of the materials sold in an amount equal to the amount of the tax. Defendant's motion to strike averred that since relator, according to its own admissions, had not satisfied the requirements of section 6, as amended, it had denied itself the right to recover retailers' occupation taxes paid as the result of a mistake of fact or an error of law; that relator's claim was predicated upon an expectation of the recovery of a right, based upon an existing law, which is not a vested right, in that the statute allowing a refund of taxes is a special remedial statute and the amendment

of 1941 pertains to a method of procedure. Answering further, defendant averred that at no time did the State of Illinois become obligated to pay relator or issue credit memoranda for payments of retailers' occupation taxes because of the constitutional guaranties relative to the impairment of the obligation of contract, for the reason, among others, that no obligation of contract ever existed between the State and the relator with respect to the refund of taxes. The answer also averred that section 6, as amended, does not impair the obligation of contract between relator and its vendees, as the requirements of the section will grant relief to relator when it has borne the burden of the tax but will not grant relief when the tax is passed on to relator's vendee.

To obtain a reversal, relator earnestly urges that the amendment to section 6 of the Retailers' Occupation Tax Act is prospective and not retroactive, and, accordingly, does not govern the claim in the case at bar which admittedly accrued prior to the day the amendment became effective. Relator's contention has been decided adversely to it. (*Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148.) As here, the effect of the amendment in 1941 to section 6 upon the claims of the taxpayers was directly presented for decision. Our disposition of the question was decisive and not *dictum,* as relator insists. The argument in support of its contention that its claim for a refund is governed by section 6 as it obtained prior to the amendment of 1941, is, charitably construed, either a reargument of the issue decided against it in *Peoples Store of Roseland* v. *McKibbin,* or an application in the nature of a petition for a rehearing of our earlier decision. A review of the authorities relied upon by relator fortifies our conclusion that *Peoples Store of Roseland* v. *McKibbin* was decided correctly. Adhering to our earlier decision, we reject relator's contention that section 6 of

the Retailers' Occupation Tax Act, as amended, affected a substantive right and is to be accorded a prospective operation.

Relator contends, in the alternative, that if the amendment be construed as retroactive it impairs the obligation of contract (1) between the State and a taxpayer whose right to a refund of taxes or a credit memorandum accrued prior to the effective date of the amendment and (2) between relator and its customers. The insuperable difficulty with relator's contention in this regard is that a contractual obligation between the State and the taxpayer has never existed. In *People ex rel. Swartchild & Co.* v. *Carter,* 376 Ill. 590, we pointed out that section 6, in providing for a credit memorandum where the retailers' occupation tax is overpaid, does not create an obligation against the State, as the certificate showing the amount of overpayment is merely evidence of an overpayment of a given amount. As pointedly observed, "Further than this, this section of the statute does no more than recognize that the State is holding in its possession money equitably belonging to the taxpayer, and provides another medium of payment of a specified tax than is required by the Revenue act." So long as section 6 remained in force as originally enacted, relator enjoyed an expectancy of a right to a refund or the issuance of credit memoranda in the event of overpayment of its taxes, whether by virtue of a mistake of fact or an error of law. An expectancy based upon an anticipated continuance of the existing law is not an obligation of contract within the protection of the constitutional guaranties invoked by relator. (*People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367.) Manifestly, the State assumed no irrevocable obligation, contractual or otherwise, with respect to the refunding of taxes erroneously paid, under section 6 of the Retailers' Occupation Tax Act. *United States* v. *Jefferson Electric Mfg. Co.* 291 U. S. 386.

The gist of relator's ingenious argument that section 6, as amended, impairs the obligation of contract between it and its customers is that the provisions of section 6, prior to the amendment, in 1941, were as much a part of each contract of sale as if a covenant to this effect had been inserted in the contract. Our conclusion that relator's right to a refund or credit memorandum was not a vested right and that the original refund provisions did not create an irrevocable contractual obligation between the State and the taxpayer is a sufficient answer to this contention.

Upon the authority of *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148, *People* v. *Lindheimer,* 371 Ill. 367, and *United States* v. *Jefferson Electric Mfg. Co.* 291 U. S. 386, and for the reasons stated in this opinion, the judgment of the circuit court is affirmed.

*Judgment affirmed.*