(No. 29542.—

WEIL-McLAIN Co. *et al.,* Appellees, *vs.* PHILIP W. COLLINS, Director of Revenue, *et al.*—(PAUL C. ROSENQUIST, Director of Revenue, Appellant.)

*Opinion filed Sept. 18, 1946—Rehearing denied November 18, 1946.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for appellant.

504

BLUM & JACOBSON, PHILIP R. TOOMIN, and DEFREES, FISKE, O'BRIEN & THOMSON, (SAMUEL F. JACOBSON, ALBERT M. BLUM, GEORGE M. SHKOLER, HENRY S. BLUM, and MATTHEW MILLS, of counsel,) all of Chicago, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Sometime prior to August 18, 1944, Weil-McLain Co. and a number of others, filed a complaint in the circuit court of Cook county praying that certain State officials be restrained and enjoined from collecting taxes from them under the provisions of the Retailers' Occupation Tax Act, and demanding certain refunds for taxes claimed to have been illegally exacted and paid by them. A decree was entered August 18, 1944, finding plaintiffs were in the business of selling at retail plumbing and heating supplies and building material to contractors and subcontractors, and as such were not liable to pay a tax under said statute under certain decisions of this court, and were entitled to a refund under section 6 of said statute. The decree enjoined the collection of a tax under the statute from such plaintiffs, and further held they were entitled to a refund or credit memorandum, and referred the cause to a master in chancery for the taking of proof, and retained jurisdiction to determine the amounts each plaintiff was entitled to for refund.

July 18, 1945, on petition of certain intervenors, a first supplemental decree of like character was entered in favor of the additional plaintiffs. November 14, 1945, and November 23, 1945, like decrees were entered in favor of additional intervening plaintiffs, seeking the same relief. In all such cases the court retained jurisdiction to ascertain the amounts due each individual plaintiff. The defendants took no exception to the entering of the original decree, or to the first supplemental decree, but did except

to, and the appeal was from, the second and third supplemental decrees. The reason for appellant's appeal from these two last decrees arises out of the fact that amendments were made to the Retailers' Occupation Tax Act during the 1945 session of the legislature, and the two supplemental decrees were entered after such amendments became effective. Since the revenue is involved, a direct appeal to this court is proper.

The amendment to section 6 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1945, chap. 120, par. 445,) was approved July 25, 1945. This was after the date of adjournment of the regular session of the General Assembly of Illinois, and hence the law become effective upon the date of the Governor's signature approving the act. *People ex rel. Martin* v. *Village of Oak Park,* 372 Ill. 488.

The changes effected by this amendment are substantial. Without setting out the original statute and the amended statute in full it is sufficient to point out the substance of these changes: (1) In the first line of the section it is made to read: "If it shall appear, *after claim therefor filed with the Department,* that an amount of tax or penalty has been paid which was not due under the provisions of this Act," etc., a refund or credit memorandum may be allowed to one who has by error of law or mistake of fact paid taxes that were not due and payable. This portion of section 6 before it was amended did not contain the italicised words above set out. (2) Section 6, as amended, provides for a hearing before the Department for the purpose of examining the claim and determining the amount of the credit. (3) It provides that the final determination may be reviewed by the proper circuit or superior court within the time and manner provided in section 12 of the same act. (Ill. Rev. Stat. 1945, chap. 120, par. 451.) (4) If a protest of the Department's tentative determination is not filed within twenty days the action of the Department shall be deemed final, and no longer open

to protest, hearing, review or *certiorari,* or any other pro-. ceeding by either the Department or any court of the State. (5) Finally, it provides that the provision for obtaining credit for such taxes in the Department is exclusive, and that no court shall have jurisdiction to determine the merits of any claim, except upon a review as provided in the act.

Appellant contends that from and after the time this section of the act became effective, *viz.,* July 25, 1945, the courts were without power to decree anything to any plaintiff who sought recovery of a refund in the court subse-'quent to that date. We have frequently held under the Retailers' Occupation Tax Act the remedy provided for reviewing the assessment of taxes therein must conform to the provisions of the statute, and that unless the procedure required by the statute is followed, the courts have no jurisdiction. (*Department of Finance* v. *Gold,* 369 Ill. 497; *Department of Finance* v. *Goldberg,* 370 Ill. 578; *Department of Finance* v. *Schmidt,* 374 Ill. 351; *Superior Oil Co.* v. *O'Brien,* 383 Ill. 394.) Likewise, we have held the provision for administrative hearing under the Unemployment Compensation Act must be followed before the action of the administrative board may be reviewed by *certiorari.* (*S. Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493.) The same principle is involved here. We see no reason why the provisions of section 6 of this act as amended on July 25, 1945, should not receive the same construction as we have given to the above provisions, and we hold that to now obtain a refund it is necessary that section 6, as amended, be complied with.

Appellees contend, however, that the plaintiffs mentioned in the second and third supplemental decrees had obtained vested rights under a decree of court, which would prevent the legislature from taking it from them by legislative action. In this respect appellees apparently overlook that the persons mentioned in the second and third supple-

mental decrees did not obtain a decree prior to the effective date of the amendment to section 6, and that' the decree which became effective August 18, 1944, in favor of the original plaintiffs does not give appellees any rights because: (1) there was then no decree in their favor; (2) intervenors take the case as they find it, and the law had been changed from what it was at the date of the original decree; (3) no cases have been cited holding that appellees, suing after the amendment of a statute has barred recovery, have, through the device of intervention, the same rights as those enjoyed by the original plaintiffs, who obtained decrees before such restrictive amendment to the statute was enacted.

A taxpayer who has voluntarily or involuntarily paid his taxes, whether legal or. otherwise, can recover them only by virtue of a statute enacted as a matter of grace by the legislature. (*People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367; *LeFevre* v. *County of Lee,* 353 Ill. 30; *Davis* v. *Board of Education,* 323 Ill. 281; *Yates* v. *Royal Ins. Co.* 200 Ill. 202.) We held, in the *Lindheimer case* and in *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148, that no one has a vested right in the continuance of a remedial law, and that it may be repealed or amended at any time before the final judgment of the court becomes effective. Even though the decree had been entered in this case in favor of the appellees we have held on appeal that a curative act enacted after the entry of the judgment in the lower court, but before that of this court, would be effective. *People ex rel. Toman* v. *B. Mercil & Sons Plating Co.* 378 Ill. 142.

It is contended, however, by appellees that section 6, as amended, did not take effect until January 1, 1946. The basis of this contention lies in the fact that section 12 of the Retailers' Occupation Tax Act was amended by a separate act, (Laws of 1945, p. 1265,) which provided for appeals from final orders and judgments made by the cir-

cuit or superior courts upon a review of the Department's decision of cases arising under the act. Section 2 of this amendment provides the act shall be effective January 1, 1946. The principal change in section 12 lies in the fact that before the amendment the procedure for appeals was set out in detail, while now section 12 only makes provision for review, but leaves the details to amended section 6.

Appellees contend the date on which section 12, as amended, takes effect controls the date upon which section 6, as amended, becomes effective. This does not follow. They are separate acts, enacted by the legislature at separate times, and there is no reason why the effective date of one act should control the effective date of the other act, without expressly so declaring. Moreover, the appellees are not the injured. The change providing for appeals in section 12, as amended, was a procedural change, and in numerous cases we have held that all rights of action will be enforcible under new procedure, even though the cause of action accrued before the change in the law, without regard to whether the suit had or had not been filed prior to the enactment of the law. *Peoples Store of Roseland* v. *McKibbin*, 379 Ill. 148; *McKinley* v. *McIntyre*, 360 Ill. 382; *Mather* v. *Parkhurst*, 302 Ill. 236; *City of Chicago* v. *Industrial Com.* 292 Ill. 409; *Chicago and Western Indiana Railroad Co.* v. *Guthrie*, 192 Ill. 579.

It was feasible for appellees to comply with the requirements of section 6, as amended, and bring their suit without having to become intervenors in a proceeding filed at an earlier date. There was no compelling reason for appellees to become intervenors, as they acquired no vested rights in an existing remedy. After amendment of section 6 appellees' remedy was through administrative process, with a provision for review by the court in case of adverse decision. After July 25, 1945, the remedy afforded the original plaintiffs was not open to appellees, and becoming intervenors did not and could not invest them with rights

enjoyed only by those who had obtained a final decree, vesting such rights before the change in the law.

The case of *Peoples Store of Roseland* v. *McKibbin,* 379 Ill. 148, presents almost an exact analogy to the situation here. In that case, where the procedure for the refund was amended after a class suit had been commenced, we held the right of action would be enforcible under the new procedure, even though the cause of action accrued before the change in the law. It is true that in the present case the procedure provided for court action cannot be followed because appellees did not comply with the administrative requirements necessary for court review, but that is no fault of the law, and no reason why the condition required by the amendment of section 6 should not have been followed. A suit started before that time could not be maintained by appellees because at the time they became plaintiffs appellees had no vested right in a remedy existing, but they could have enforced their rights by following the requirements of section 6, and later beginning either a separate suit or intervening after they had complied with the administrative requirements in the original case. Having done neither and not having obtained a decree prior to the effective date of amended section 6, the appellees cannot recover in this case.

The parties make some claim that section 6, as amended, is unconstitutional because it provides that the initial remedy for refunds must be in the Department of Revenue, that such remedy is exclusive, and that no court shall have jurisdiction to determine the merits of any claim except upon review, as provided in the statute. As pointed out above, we have held such provisions do not violate the constitution and do not oust the courts of jurisdiction, because review by the courts is expressly allowed, but only in the manner pointed out in the statute.

We do not believe an extended discussion of this point is required, nor is it necessary to point out the distinction

between the cases of this character and those presented to us in cases of confiscation or illegal taxation. Here, the rights claimed were discretionary with the legislature; in the other cases the legislature attempted something beyond its power.

In view of the foregoing, the decree of the circuit court of Cook county, as to the parties named and the amounts specified in the supplemental decree dated November 14, 1945, and as to the parties named and the amounts specified in the supplemental decree dated November 23, 1945, is reversed and said cause remanded, with directions to dismiss the claims of such appellees specified in such decree for want of jurisdiction.

*Reversed and remanded, with directions.*

The following additional opinion was filed January 15, 1947, on a motion for leave to file a petition for clarification of the order of reversal:

Per CURIAM: Plaintiffs, Weil-McLain Co. *et al.,* at the term pending rehearing, filed a motion claiming the law announced in the opinion is contradictory in that it sustains the decree of August 18, 1944, but does not sustain the decrees of November 14 and November 23, 1945, on different claims, for different amounts, of the same plaintiffs, because the plaintiffs recovered by the first decree, but did not by those rendered after July 25, 1945, when the change in the law became effective.

The contention is that the decree of July 19, 1945, entered *nunc pro tunc* as of February 1, 1945, gave the plaintiffs vested rights to prove after July 25, 1945, the effective date of the amendment, additional amounts accruing after February 1, 1945, when the original decree in plaintiffs' favor was entered.

No one will deny but that the decrees of November 14 and November 23, 1945, were final orders, fixing the

amounts due plaintiffs, and appealable. No rights were granted by the decree of July 19, 1945, other than to prove their claims. With that decree the Director could not be required to pay any amount whatsoever. Plaintiffs' claim in reality is that they have vested rights in a procedural matter under the decrees of November, 1945, which fixed the amounts to be paid, because the right to funds is not denied; only the method of establishing it is changed. That this is not a vested right is settled by *Peoples Store of Roseland* v. *McKibbin*, 379 Ill. 148.

We might add that had appellant seen fit to appeal from the decree of February 1, 1945, and it had been decided by this court subsequent to July 25, 1945, we would have been required to follow the law existing at the time the case was decided by us. (*People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142.) The effect of the act of July 25, 1945, was to deprive the circuit court of jurisdiction to fix and enter judgments for specific amounts from the time the act went into effect. The decree of July 19, 1945, was merely declaratory of the law as it then existed, and after July 25, 1945, the only manner in which the amount could be fixed was the method prescribed by amended section 6 of the Retailers' Occupation Tax Act. Ill. Rev. Stat. 1945, chap. 120, par. 445.

The fact that the original plaintiffs were able to recover on a judgment entered before the change in the law, which was not appealed from, and that the same plaintiffs could not two years later use the same procedure for collection of additional claims, does not indicate the opinion was inconsistent with established principles of law.

The motion is denied.