*In re* SUPPORT OF DANICA JOSIC, Respondent-Appellee.—(VLADISLAV JOSIC, Petitioner-Appellant.)

First District (3rd Division) ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

Opinion filed November 14, 1979.

Judith A. Halprin and Jerome Feldman, both of Chicago, for appellant.

Vincent J. Pascucci, of Griffin, Fiedler & Pascucci, Ltd., of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Vladislav Josic, and respondent, Danica Josic, were divorced in 1974. Petitioner attempted to modify portions of the judgment of divorce after the effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). Petitioner appeals from an order of the circuit court of Cook County denying his petition to terminate alimony and finding that section 801(c) of the new Act governed his petition. Petitioner contends that section 801(c) is unconstitutional. Respondent cross-appeals from that portion of the order finding that the divorce judgment provided for permanent periodic alimony.

The original judgment of divorce incorporated a property settlement agreement entered into by the parties on December 4, 1973. The agreement provided as follows: that petitioner pay respondent $100 per week as a "family living expense which is inclusive of child support and alimony" based upon his weekly net income of $250; that the allowance decrease to $50 per week when the minor son reaches 18; that the weekly payments continue for 121 months from entry of the judgment; and that the payments be adjusted upon the son's emancipation, marriage, majority, or attendance at college. Other relevant portions of the agreement provided that no event other than respondent's death would cause abatement of respondent's right to receive the family living expense; that the allowance was not defeasible upon respondent's remarriage; and that the payments were binding upon petitioner's estate. These payments were referred to as periodic.

In October 1975, petitioner filed a petition for modification of the judgment seeking temporary relief from his obligations. Petitioner asserted that he had suffered a paralyzing stroke which rendered him unable to work. The trial court denied the petition.

On January 21, 1978, petitioner asked the trial court to modify the divorce judgment by terminating his obligation to pay the family living expense. He alleged that there had been a material change of circumstances in that his stroke had rendered him permanently disabled and thus permanently unemployed and unable to make the payments. Respondent filed a motion to dismiss the petition in which she argued that the 1975 order denying the earlier petition for modification constituted res judicata as to the present petition; that section 502(f) of the new Act precluded modification by the court if the separation agreement so provided; and that the agreement of the parties incorporated into the judgment expressly precluded or limited modification of its terms. Respondent also urged that the settlement agreement provided for alimony in gross payable in installments rather than periodic payments.

On July 31, 1978, after considering the pleadings, memoranda, and

arguments of counsel, the trial court denied the petition to modify the divorce judgment. It found as follows: the divorce judgment provided for permanent periodic alimony; section 801(c) of the new Act applied to and governed the petition filed on January 21, 1978; and section 502(f) of the new Act precluded the court from modifying the terms of the judgment which embodied the parties' separation agreement. Earlier, the trial court had concluded that the 1975 order did not constitute res judicata as to the present petition.

On appeal, petitioner contends that the trial court erred in finding section 801(c) of the Illinois Marriage and Dissolution of Marriage Act constitutional and applicable to the present case. Section 801(c) provides as follows:

> "This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act." Ill. Rev. Stat. 1977, ch. 40, par. 801(c).

Petitioner argues that section 801(c) violates article 1, section 16, of the Illinois Constitution of 1970 which prohibits the passage of any law impairing the obligation of contracts. He maintains that section 801(c), which retrospectively applies section 502(f) of the new act to his petition, unconstitutionally impairs the rights and obligations arising from the parties' settlement agreement.

When the parties negotiated their agreement in 1973, existing law provided that parties, by their settlement agreements, could not divest the court of its power to modify periodic alimony provisions. (See *Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 234 N.E.2d 372.) Under section 502(f) of the new Act, however, parties may preclude such modification by the court if they express this intention in their separation agreement. The settlement agreement in the present case contained a provision which precluded termination of his alimony obligations. Petitioner maintains that the parties negotiated the agreement in reliance upon the fact that under then existing law, the court retained power to modify notwithstanding contrary language in the judgment. He thus maintains that section 801(c) unconstitutionally interferes with the parties' mutual agreement regarding alimony obligations.

██ █ Petitioner's expectation that he could seek modification despite language to the contrary in their agreement rested upon an anticipated continuance of the law in existence at the time of negotiation. Yet, an expectancy based upon an anticipated continuance of the existing law is not an obligation of contract within the protection of constitutional guarantees. (*People ex rel. Sterling Lumber & Supply Co. v. Workman* (1943), 385 Ill. 18, 52 N.E.2d 259.) Moreover, in *Kujawinski v. Kujawinski*

(1978), 71 Ill. 2d 563, 376 N.E.2d 1382, our supreme court rejected a similar challenge to the constitutionality of the new Act. Although the court in *Kujawinski* did not consider the constitutionality of section 801(c), we believe that its discussion is instructive for resolution of this case. In *Kujawinski*, plaintiff objected to section 801(b) because it retrospectively applied the "marital property" provisions of section 503(b) to his case. Section 801(b) provides that the Act "applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." (Ill. Rev. Stat. 1977, ch. 40, par. 801(b).) Plaintiff argued that the transfer of an interest in his property to his spouse pursuant to section 503(b) unconstitutionally impaired his contractual obligations and divested him of property without due process of law. In rejecting this contention, the court stated at page 573:

> "With regard to the contract clauses of the Federal and State constitutions [citations], plaintiff's constitutional objection is difficult to discern. Plaintiff agrees that it is not the marriage contract between the spouses which is being impaired, for marriage contracts are not deemed to be protected by the constitutional contract clauses."

We thus conclude that section 801(c) does not unconstitutionally impair the obligations arising out of this marital agreement.

Petitioner also argues that section 801(c) is unconstitutional because it operates retrospectively to deprive him of a vested right.

The legislature may not pass a retrospective law which impairs the obligation of a contract or which deprives a citizen of a vested right. (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 21 N.E.2d 318.) A vested right, however, "must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." (*People ex rel. Eitel*, 371 Ill. 367, 373.) In the present case, petitioner had no vested right to modification of his alimony obligations. Rather, he had a mere expectation that he could seek such relief under the preexisting divorce laws.

Furthermore, unlike a vested common law right of action, a right of action which stems purely from statutory enactments may be abrogated by the retrospective application of legislation. (See *Fourt v. DeLazzer* (1952), 348 Ill. App. 191, 108 N.E.2d 599.) There is no common law governing divorce. (*Nardi v. Segal* (1967), 90 Ill. App. 2d 432, 234 N.E.2d 805.) Dissolution of marriage is entirely statutory in origin and nature. (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 389 N.E.2d 1170.) Any right of action for modification of alimony obligations which may have been

available to petitioner derived solely from statute rather than common law. Accordingly, retrospective application of the new Act does not deprive petitioner of any vested common law right of action.

In support of his contention that the new Act should not govern because it would unfairly disrupt the parties' mutual agreement, petitioner relies on *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 370 N.E.2d 1309. In that case, this court construed and applied section 801(d) of the new Act. We concluded that the Act was not intended to apply to appeals which had been perfected prior to the Act's effective date. We noted that section 801(d) was intended to allow correction on appeal of errors made in applying the law in effect at the time of the original hearing. The present case is clearly distinguishable from *McArdle*. Here, no appeal were perfected prior to the effective date of the Act, and there was no suggestion of error in the original proceeding under the former divorce act. The discussion in *McArdle* in no way supports petitioner's argument that section 801(c) is unconstitutional.

We thus conclude that section 801(c) does not unconstitutionally impair petitioner's obligation of contract or deprive him of a vested right. The language of section 801(a) unequivocally provides that the new Act applies to all proceedings commenced after its effective date, October 1, 1977, for the modification of an order entered prior to its effective date. Accordingly, the trial court did not err in applying section 801(c) to the petition for modification.

The parties agree that if section 801(c) is constitutional, their settlement agreement precludes termination of petitioner's alimony obligations. (But see *Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 392 N.E.2d 421.) Consequently, we need not decide the issue raised by respondent on cross-appeal whether the judgment provides for permanent periodic alimony.

Accordingly, the order of the circuit court of Cook County denying petitioner's petition for modification is affirmed.

Order affirmed.

McGILLICUDDY and RIZZI, JJ., concur.